IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:06-866-CMC |
| v. | **OPINION and ORDER** |
| Ronnie James Watts, | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant argues that he is entitled to relief pursuant to the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). The Government filed a motion for summary judgment, contending that Defendant's motion is untimely and without merit. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the motion and the consequences if he failed to respond. Defendant has not responded to the Government's motion and the time for doing so has expired.

The court has reviewed the complete record in this case and finds Defendant's motion is without merit. Defendant was not sentenced pursuant to 18 U.S.C. § 924(e) (the Armed Career Criminal Act). Rather, Defendant's sentence was dictated by 21 U.S.C. §§ 841(b)(1)(A) and 851. Moreover, *Johnson* has no applicability to this matter as Defendant's prior convictions were drug convictions, not "violent felonies" as defined by § 924(e)(2)(B).

Accordingly, the court **grants** the Government's motion for summary judgment (ECF No. 278) and Defendant's motion is dismissed with prejudice.

1

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 16, 2015